# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 48853

| | | |
|---|---|---|
| **ROBERT WADE FULFER,** | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | **Boise, May 2022 Term** |
| | ) | |
| **v.** | ) | **Opinion filed: November 1, 2022** |
| | ) | |
| **SORRENTO LACTALIS, INC., a Delaware** | ) | **Melanie Gagnepain, Clerk** |
| **corporation and a wholly-owned subsidiary of** | ) | |
| **LACTALIS AMERICAN GROUP, INC., a** | ) | |
| **Delaware corporation,** | ) | |
| | ) | |
| **Defendants-Respondents,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **JOHN and JANE DOES, I through X, whose** | ) | |
| **true identities are presently unknown,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Appeal from the District Court of the Third Judicial District of the State of
Idaho, Canyon County. Andrea Courtney, District Judge.

The judgment of the district court is <u>reversed and remanded</u>.

Johnson & Monteleone, Boise, for Appellant. Jacob Bottari argued.

Eberle, Berlin, Kading, Turnbow & McKlveen, Boise, for Respondent. Bradley
Vandendries argued.

---

MOELLER, Justice.

Robert Fulfer, a truck driver making a milk delivery, exited his truck and stepped down
into a nine-inch-deep pothole, resulting in serious personal injuries. He was working for Ruan
Logistics Corporation ("RLC"), which was contracted as a transportation and cargo-hauling
provider by Sorrento Lactalis, Inc. ("SLI"). SLI provided a designated on-site parking area for
drivers like Fulfer to pick up and drop off their loads.

1

Fulfer filed a personal injury action against SLI seeking damages based on premises liability and negligence. SLI moved to dismiss pursuant to Idaho Rules of Civil Procedure 12(b)(6) and 12(c), arguing that it was immune from a tort action because it was a statutory employer of Fulfer, meaning that Idaho's Workers' Compensation laws provided Fulfer's exclusive remedy. In response, Fulfer argued that an exception to the exclusive remedy rule applied. That exception allows an action in tort when an employer, statutory or otherwise, consciously disregards knowledge of a hazardous situation, which amounts to willful or unprovoked physical aggression. The district court determined Fulfer's complaint failed to state a claim upon which relief could be granted because he (1) failed to comply with Idaho's notice pleading requirements by not addressing statutory employer immunity, and (2) failed to allege specific facts required for establishing an exception to the exclusive remedy rule based on this Court's decision in *Gomez v. Crookham Co.*, 166 Idaho 249, 457 P.3d 901, 904 (2020), which was controlling at the time.[1] Accordingly, the district court dismissed Fulfer's complaint without prejudice and later denied Fulfer's motion to reconsider and for leave to file a second amended complaint. Fulfer appealed. For the reasons set forth below, we reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Robert Fulfer is a truck driver employed by RLC. RLC is a transportation and cargo-hauling provider for SLI, a Delaware corporation. SLI is a wholly owned subsidiary of Lactalis American Group, Inc., also a Delaware corporation.

On April 21, 2018, at approximately 11:30 p.m., Fulfer arrived at SLI's facility in Nampa, Idaho, to deliver milk. Fulfer parked his truck in the parking area designated by SLI for the drivers of providers, like RLC, to pick up or drop off their loads. When Fulfer exited his truck, his right foot unexpectedly stepped down into a nine-inch-deep pothole, causing him to lose his balance, hyperextend portions of his body, and suffer serious personal injuries. Fulfer alleges he suffered "a right arm bicep tear and injury to his right arm rotator cuff, both of which required surgery, injuries to his left thumb, low back, and right hip, … [the] back injury also required surgical repair,

---

[1] Following our decision in *Gomez*, the Idaho Legislature amended Idaho Code section 72-209(3) in 2020. *Gomez* interpreted the phrase "unprovoked physical aggression of the employer," which was not defined in the prior version of the statute. The current version of section 72-209(3) now defines an act of "unprovoked physical aggression of the employer," as "include[ing] clear and convincing evidence the employer, its officers, agents, servants, or employees either specifically intended to harm the employee or engaged in conduct knowing that injury or death to the employee was substantially likely to occur." 2020 Idaho Laws Ch. 208 (S.B. 1321). Thus, although *Gomez* was the standard applied in this case, it is no longer controlling for cases arising after June 30, 2020.

[and caused] physical and mental pain and suffering, loss of the enjoyment of life, emotional distress, and the impairment of faculties and physical function."

On April 10, 2020, Fulfer filed a complaint against SLI, alleging tort theories of premises liability and negligence. SLI filed a motion for judgment on the pleadings pursuant to Idaho Rule of Civil Procedure 12(b)(6) and a motion to dismiss the complaint pursuant to Rule 12(c). SLI argued that the complaint should be dismissed as a matter of law because SLI was Fulfer's statutory employer under Idaho's Workers' Compensation laws and was, therefore, immune from the tort claims. SLI claimed that under Idaho Code section 72-211, the exclusive remedy for an employee for injuries arising in the course of employment is provided under Idaho's Workers' Compensation laws. Fulfer opposed the motion, arguing that Fulfer met the requirements of the exception to the exclusive remedy for "willful or unprovoked physical aggression." In reply, SLI argued that a motion to dismiss looks only at the pleadings and that Fulfer's complaint failed to state a claim upon which relief could be granted.

At the hearing on the motion to dismiss, the district court requested supplemental briefing on two issues:

> 1) Whether the physical aggression exception to the Worker's [sic] Compensation exclusive remedy rule, as restated in *Gomez v. Crookham Co.*, 457 P.3d 901 (Idaho 2020), extends beyond direct employers to statutory employers such as [SLI]; and
> 2) [w]hether [Fulfer's] use of the words "careless, negligent, and/or reckless manner" in Paragraph 16 of the Complaint satisfies the "conscious disregard of knowledge that injury would occur" standard as restated in *Gomez.*

SLI filed a supplemental memorandum arguing that the exception for willful or unprovoked acts of physical aggression did not apply to statutory employers because, unlike direct employers, statutory employers lack control or direction over the actions of an employee. SLI also argued that the complaint was not sufficient to allege application of the exception because the complaint did not include the words "willful and wanton" or "gross negligence." Fulfer responded by noting that the Idaho Rules of Civil Procedure only require a short and plain statement of the claim—enough to notify the other party of the claims against it. Fulfer argued that he was not required to specifically address a potential affirmative defense, like the applicability of the statutory employer exclusion, in the complaint. Fulfer additionally argued that neither *Gomez* nor the Idaho Code restrict application of the exception to the exclusive remedy rule to only direct employers. In response, SLI argued that the pleading standard was irrelevant because the motion to dismiss only

asked the court to determine whether Fulfer's claims of premises liability and negligence were actionable against SLI.

Following supplemental briefing, the district court took up the motion for judgment on the pleadings and motion to dismiss on September 18, 2020. Following the hearing, but before the district court issued its decision, Fulfer moved to amend his complaint. Attached to the motion was a draft first amended complaint, which included additional language alleging that SLI knew of the dangerous condition of the designated parking lot and "acted in a careless, reckless, wanton, and grossly negligent manner." The proposed first amended complaint stated that SLI's actions qualified for the willful physical aggression exception to the statutory employer rule. On October 16, 2020, the district court issued an oral decision granting Fulfer's motion to amend the complaint and allowed SLI the opportunity to renew the motion to dismiss. The district court deferred ruling on whether to grant or deny the motion for judgment on the pleadings and motion to dismiss inasmuch as it had just granted Fulfer's motion to amend.[2]

After Fulfer filed an amended complaint, SLI filed a second motion for judgment on the pleadings and motion to dismiss the amended complaint. SLI again argued that because SLI is a statutory employer of Fulfer without control over Fulfer's actions on the job, SLI is immune from Fulfer's tort claims. Fulfer opposed the motion, arguing that judgment on the pleadings was improper because SLI had not yet filed an answer and whether SLI had control over Fulfer was an issue of fact not yet raised by the pleadings. SLI replied, arguing that Fulfer failed to meet his burden of proof that the exception applies because he did not plead any facts or theories that SLI specifically engaged in conduct knowing that injury to Fulfer was substantially likely to occur.

At the conclusion of the hearing on the pending motions on December 18, 2020, the district court issued an oral ruling. The court concluded that Fulfer's amended complaint "does not meet the high bar of pleading any facts related to willful or unprovoked physical aggression on the part of [SLI]." Accordingly, the district court dismissed Fulfer's first amended complaint without prejudice for failure to state a claim upon which relief could be granted pursuant to Idaho Rule of

---

[2] Later, at the hearing for the second motion to dismiss on December 18, 2020, the district court stated that the first motion to dismiss had been granted orally at the hearing on October 16th on 12(b)(6) grounds. Counsel stated that they had both missed that. Notably, the district court's statement that the motion was granted is not supported by the transcript of the October 16 hearing. At that hearing, the district court explicitly stated it was choosing not to rule on the motion to dismiss because the motion to amend the complaint was being granted.

Civil Procedure 12(b)(6).[3] On December 22, 2020, the district court issued a judgment dismissing Fulfer's first amended complaint without prejudice.

Fulfer then moved the district court to reconsider its order dismissing his first amended complaint, to set aside or alter the judgment, or, to grant him leave to file a second amended complaint. Fulfer argued that "1) [the district court] prematurely ruled on the merits of this case, 2) all reasonable inferences were not drawn in [his] favor [], 3) [he] properly stated a claim for relief, and 4) [he] is not required to plead facts that negate the affirmative defense of the Exclusive Remedy Rule." SLI opposed the motion, arguing that dismissal was correct and granting leave to file a second amended complaint would be procedurally incorrect since the claim had been dismissed. Following a subsequent hearing, the district court denied Fulfer's motion to reconsider and his request for leave to file the second amended complaint. The district court determined the first amended complaint's "broad strokes sounding in negligence [were] insufficient to trigger the exclusivity exception. . . ." Fulfer timely appealed, asserting three categories of error: the District Court erred in (1) dismissing the First Amended Complaint Pursuant to Rule 12(b)(6) for failure to plead around an affirmative defense; (2) determining that Fulfer could not satisfy the elements set forth in *Gomez* by looking solely to the language of the First Amended Complaint; and (3) denying his subsequent motions for relief.

## II. STANDARDS OF REVIEW

A district court's dismissal of a complaint pursuant to Idaho Rule of Civil Procedure 12(b)(6) is reviewed *de novo*. *Paslay v. A&B Irrigation Dist.*, 162 Idaho 866, 868, 406 P.3d 878, 880 (2017). "In reviewing the district court's order granting the motion to dismiss, the standard of review is the same as that used in summary judgment." *McCabe v. Craven*, 145 Idaho 954, 956, 188 P.3d 896, 898 (2008).

> A 12(b)(6) motion looks only at the pleadings to determine whether a claim for relief has been stated. On review of a dismissal, this Court determines whether the non-movant has alleged sufficient facts in support of his claim, which if true, would entitle him to relief. In doing so, the Court draws all reasonable inferences in favor of the non-moving party.

*Hammer v. Ribi*, 162 Idaho 570, 572, 401 P.3d 148, 150 (2017) (internal quotations and citations omitted).

---

[3] The district court later explained that it "did not rule on the motion for judgment on the pleadings [Rule 12(c)], as the pleadings were still technically open because Defendant did not file an Answer."

## III. ANALYSIS

**A. The district court erred in dismissing Fulfer's first amended complaint pursuant to Idaho Rule of Civil Procedure 12(b)(6) because it satisfies Idaho's pleading requirements.**

1. <u>Fulfer did not need to "plead around" an unpled affirmative defense</u>.

The district court dismissed Fulfer's first amended complaint after finding "[t]here is simply not enough alleged within the amended complaint at this point to show that the exception [to statutory employer immunity and the exclusive remedy rule] would apply." Fulfer argues that the district court erred when it dismissed his first amended complaint because the first amended complaint satisfied Idaho's pleading requirement. Fulfer suggests that because "Idaho is a notice pleading state," he "is not required to plead an exception to an affirmative defense" in his complaint.

Idaho Rule of Civil Procedure 8(a) sets forth the controlling pleading requirements: "A pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." We have explained that the focus of this standard is to provide notice to the opposing party of the claims presented, rather than a detailed legal analysis:

> Under the Idaho Rules of Civil Procedure for pleadings, "[e]ach allegation must be simple, concise, and direct. No technical form is required." I.R.C.P. 8(d)(1). These rules comport with Idaho's notice-pleading requirement, which requires a pleading to put the adverse party "on notice of the claims brought against it." *Hodge for & on behalf of Welch v. Waggoner*, 164 Idaho 89, 96, 425 P.3d 1232, 1239 (2018) (citation omitted). Accordingly, notice pleading requires the complaint to provide "some indication" of the basis for relief, but not always an exact statutory basis or formal cause of action. *Brown v. City of Pocatello*, 148 Idaho 802, 807, 229 P.3d 1164, 1169 (2010).

*Noell Industries, Inc. v. Idaho State Tax Comm'n*, 167 Idaho 367, 371, 470 P.3d 1176, 1180 (2020). "The key issue in determining the validity of a complaint is whether the adverse party is put on notice of the claims brought against it." *Gibson v. Ada Cnty. Sheriff's Dep't*, 139 Idaho 5, 9, 72 P.3d 845, 849 (2003). "Courts should 'make every intendment to sustain' a complaint that contains a 'concise statement of the facts constituting the cause of action and a demand for relief.'" *Carrillo v. Boise Tire. Co., Inc.*, 152 Idaho 741, 752, 274 P.3d 1256, 1267 (2012) (quoting *Gibson*, 139 Idaho at 9, 72 P.3d at 849).

Of course, there are some exceptions when "heightened pleading requirements are imposed by rule or statute." *Id.*; *see, e.g.,* I.R.C.P. 9(b) ("In alleging fraud or mistake, or a violation of civil

6

or constitutional rights, a party must state with particularity the circumstances constituting the fraud or mistake or the violation of civil or constitutional rights."). However, SLI cannot point to any requirement within Idaho's Workers' Compensation laws or the Idaho Rules of Civil Procedure stating that a higher level of pleading must be satisfied in cases like this. Thus, since Fulfer's complaint is governed by Rule 8, it should not be held to a heightened pleading standard.

Fulfer's first amended complaint contains short and plain statements putting SLI on notice of the claims against it. However, SLI argues that this is not enough because, as a statutory employer, it is protected by the exclusive remedy rule. Therefore, SLI argues that the first amended complaint is insufficient because it failed to allege why Fulfer was entitled to relief under the exception to the exclusive remedy rule. In response, Fulfer argues that he is not required to plead around the affirmative defense of statutory employer immunity, especially where SLI has not yet even formally asserted the defense in an answer.

Idaho Rule of Civil Procedure 8(c) states "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." It then contains a list of 19 affirmative defenses. This Court has "made it clear that Rule 8(c)'s list is not intended to be exhaustive." *Kenworth Sales Co. v. Skinner Trucking, Inc.*, 165 Idaho 938, 943, 454 P.3d 580, 585 (2019). "Statutory employer immunity is an affirmative defense. Like other affirmative defenses, if not properly raised it may be waived." *Krinitt v. Idaho Dep't of Fish & Game*, 162 Idaho 425, 429, 398 P.3d 158, 162 (2017). However, "[w]hile it is true a plaintiff is not required to plead around affirmative defenses, 'a complaint is subject to dismissal under Rule 12(b)(6) when an affirmative defense appears on the face of the complaint itself.' " *Dickinson Frozen Foods, Inc. v. J.R. Simplot Co.*, 164 Idaho 669, 680, 434 P.3d 1275, 1286 (2019).

In *Dickinson Frozen Foods*, J.R. Simplot ("Simplot") commenced a legal action in Washington, which allegedly contained defamatory statements against Dickinson Frozen Foods (DFF), even though DFF was not party to the litigation. *Id.* at 673, 434 P.3d at 1279. Simplot sought dismissal of the defamation suit, arguing that the statements were protected by the litigation privilege. *Id.* The litigation privilege is a low bar, requiring only that two requirements be satisfied: "(1) 'the defamatory statement was made in the course of a proceeding' and (2) it 'had a reasonable relation to the cause of action of that proceeding . . . .' " *Id.* at 678, 434 P.3d at 1284 (quoting *Weitz v. Green*, 148 Idaho 851, 862, 230 P.3d 743, 754 (2010)). The parties conceded that the statements were made in the course of a proceeding. *Id.* Although Simplot had not filed an answer and had

only raised the defense in the 12(b)(6) motion, this Court affirmed the district court's granting of the motion for dismissal because the complaint contained quotes from the Washington complaint sufficient for the district court to determine that those statements had a reasonable relation to the cause of action of that proceeding. *Id.* at 680, 434 P.3d at 1286.

Unlike *Dickinson*, resolution of this case would require us to look beyond the four-corners of the complaint because the nature of the business relationships between the parties are not fully explained. While these facts may ultimately become necessary for resolution of this case—if SLI files an answer asserting an affirmative defense to the complaint—Idaho's notice pleading rules did not require Fulfer to anticipate and fully address every possible affirmative defense when he filed his complaint. Thus, to establish a basis for SLI's unpled affirmative defense, additional evidence beyond the complaint itself is needed. As with many cases, this may require discovery to fully flesh out the facts before they can be properly addressed in a Rule 56 motion for summary judgment, rather than through a Rule 12(b)(6) motion for failure to state a claim upon which relief may be granted or a Rule 12(c) motion for judgment on the pleadings.

This Court has held that "[t]he corollary to the standard governing a district court's decision on a 12(b)(6) motion is this: a complaint is not subject to dismissal simply because it does not negate an affirmative defense." *Hammer*, 162 Idaho at 574–75, 401 P.3d at 152–53.[4] We have further held that "a judge, in determining the sufficiency of a complaint accompanying a petition to intervene, shall not reject the petition on the ground that the complaint appears to allege a claim barred by the statute of limitations." *Duff v. Draper*, 96 Idaho 299, 305, 527 P.2d 1257, 1263 (1974). This Court in *Duff* explained its reasoning:

> First, Rule 8(c), I.R.C.P., provides that the statute of limitations is an affirmative defense which *must be asserted in a responsive pleading to the original claim.* This in effect says that no complaint can be dismissed under a Rule 12(b)(6) motion for failure to state a claim merely because it does not negate any possible statute of limitations defenses. . . . Secondly, there are a number of possible ways in which the statute of limitations may have been tolled and thus the petitioner is entitled to pursue his claim against the defendants. . . .

---

[4] Sorrento tries to distinguish *Hammer* from this case, claiming that Fulfer's reliance on *Hammer* is "misguided" because "the Idaho Supreme Court relied on the fact that the plaintiff in *Hammer* <u>did in fact plead around</u> the affirmative defense." (Emphasis in original). However, Sorrento improperly relies on a footnote in which this Court stated: "[e]ven if a plaintiff were required to anticipate and negate affirmative defenses in her complaint, *Hammer's* complaint would have satisfied the more rigorous standard." The remainder of the footnote explains how *Hammer's* complaint did in fact plead around the affirmative defense. This discussion, however, is dicta and was not the basis for this Court's holding.

8

*Id.* at 305–06, 527 P.2d at 1263–64 (emphasis added); *see also Dumas v. Ropp*, 98 Idaho 61, 558 P.2d 632 (1977) (Bakes, J., concurring) ("One wonders how the pleading philosophy behind those simple statements of a claim for relief . . . could ever be interpreted to require the plaintiff to negate the defense of statute of limitations in his complaint.")

Mindful of such authority, SLI attempts to distinguish this case in three ways: (1) since the facts alleged in Fulfer's complaint prove SLI is a statutory employer, he is required to plead around the defense of statutory employer immunity; (2) SLI met the requirement to raise the affirmative defense by asserting it in the Rule 12(b)(6) motions; and (3) Fulfer has never challenged SLI's claim that it is a statutory employer. SLI is correct that Fulfer has not disputed that SLI is a statutory employer. However, *Duff* and *Hammer* make clear that Fulfer's complaint is not required to plead around the affirmative defense of statutory employer immunity, even if it could be anticipated that it might be asserted. *Duff* states that affirmative defenses can only be asserted in a responsive pleading. *Duff*, 96 Idaho at 305, 527 P.2d at 1363. Under Idaho Rule of Civil Procedure Rule 7(a), the only pleadings allowed are a complaint, an answer to a complaint, an answer to a counterclaim, an answer to a cross claim, a third party complaint, an answer to a third party complaint, and a reply to an answer if the court orders one. A motion to dismiss is not among these listed pleadings. Likewise, Idaho Rule of Civil Procedure 12(b) sets forth a list of eight exclusive defenses that may be raised in a motion rather than a responsive pleading—statutory employer immunity is not listed among those eight. Therefore, before the district court can consider whether Fulfer has properly asserted a colorable claim for tort liability against its statutory employer, SLI is required to first raise its affirmative defense in an answer. Once that occurs, either a motion for judgment on the pleadings can be considered under Rule 12(c) or a summary judgment motion can be brought under Rule 56.

Because Fulfer is not required to plead around an unpled affirmative defense, and the affirmative defense asserted by SLI cannot be established on the face of the complaint alone, we conclude that the district court erred in dismissing Fulfer's case pursuant to Rule 12(b)(6).

2. Since Fulfer did not need to plead around an unpled affirmative defense, we need not address whether the specific facts, as alleged in his First Amended Complaint, adequately state a claim under *Gomez.*

We will next briefly address the second basis for the district court's dismissal: that Fulfer's complaint failed to allege specific facts demonstrating that the exception to the exclusive remedy rule applied. Inasmuch as we have held that Fulfer did not need to plead around an affirmative

9

defense that had not yet been formally plead by SLI, it was unnecessary for Fulfer to allege facts required by *Gomez* for establishing an exception to the exclusive remedy rule. Accordingly, we will not address that basis for the district court's decision. This is a matter that may be revisited on remand, if SLI properly pleads such an affirmative defense and then seeks summary judgment on that basis.

**B. The exception to the exclusive remedy rule contained in Idaho Code section 72-209(3) applies to direct and statutory employers.**

In its briefing and at oral argument, SLI raises an additional issue of first impression for this Court: does the exception to the exclusive remedy rule contained in Idaho Code section 72-209(3) also apply to statutory employers? As a preliminary matter, although we have already determined to remand this case, we will nonetheless take up the question at this time. We conclude that addressing this issue now will promote the orderly and timely administration of justice. Leaving it as an open issue on remand would essentially invite a second appeal and unacceptably delay final resolution of this matter. Because of the posture of this case, this question was not answered by the district court below. We commonly answer questions of law presented in an initial appeal if it appears it will aid the trial court upon remand.

Addressing the question, we first note that Idaho's Workers' Compensation laws provide the exclusive remedy for employees against their employer for an injury arising from and in the course of employment:

> Subject to the provisions of [Idaho Code] section 72-223, the rights and remedies herein granted to an employee on account of an injury or occupational disease for which he is entitled to compensation under this law shall *exclude all other rights and remedies* of the employee, his personal representatives, dependents or next of kin, at common law or otherwise, on account of such injury or disease.

I.C. § 72-211 (emphasis added). Idaho Code section 72-209(1) also explains that recourse under Idaho's Workers' Compensation laws is the exclusive remedy: "[s]ubject to the provisions of section 72-223, Idaho Code, the liability of the employer under this law shall be exclusive and in place of all other liability of the employer to the employee, his spouse, dependents, heirs, legal representatives or assigns."

The exclusive remedy rule applies to statutory employers as well as direct employers. As defined by current workers' compensation laws, an employer means:

> any person who has expressly or impliedly hired or contracted the services of another. *It includes contractors and subcontractors.* It includes the owner or lessee of premises, or other person who is virtually the proprietor or operator of the

10

business there carried on, but who, by reason of there being an independent contractor or for any other reason, is not the direct employer of the workers there employed.

I.C. § 72-102(12)(a)[5] (emphasis added). "The case law surrounding the definition of the term 'employer' is what the Court refers to as the statutory employer analysis." *Robison v. Bateman-Hall, Inc.*, 139 Idaho 207, 210–11, 76 P.3d 951, 954–55 (2003). "[T]he concept of [a] statutory employer '[is] designed to prevent an employer from avoiding liability under the workmen's compensation statutes by sub-contracting the work to others.' " *Venters v. Sorrento Delaware, Inc.*, 141 Idaho 245, 251, 108 P.3d 392, 398 (2005) (quoting *Spencer v. Allpress Logging, Inc.*, 134 Idaho 856, 860, 11 P.3d 475, 479 (2000)).

"The statutory definition of 'employer,' when read and applied in conjunction with I.C. § 72-216(1), makes a statutory employer liable for payment of worker's compensation to an employee of its contractor whenever a contractor is liable to its employee under the Worker's [sic] Compensation Laws." *Venters*, 141 Idaho at 251, 108 P.3d at 398. In the case at bar, Fulfer was employed as a truck driver by RLC, and RLC is a trucking company contracted to make deliveries and pickups for SLI. Therefore, SLI is a statutory employer of Fulfer. *See id.* (holding that Sorrento qualified as a statutory employer of Venters "simply because of its contractual relationship with 3-C Trucking," the company which employed Venters). This conclusion is undisputed by Fulfer. Therefore, as a statutory employer, SLI is liable for qualifying injuries under Idaho's Workers' Compensation laws but, as a result, also enjoys immunity from other tort claims related to an employee's injuries.

Notwithstanding the general protection from additional tort liability, there is an exception to the exclusive remedy rule. The version of Idaho Code section 72-209(3) in effect at the time of Fulfer's injury explains this exception:

> in any case where the injury or death is proximately caused by the *wilful or unprovoked physical aggression of the employer, its officers, agents, servants or employees*, the loss of such exemption applying only to the aggressor and shall not be imputable to the employer unless provoked or authorized by the employer, or the employer was a party thereto.

---

[5] This definition was previously enumerated as Idaho Code section 72-102(13)(a) but was renumbered as of July 1, 2021. This definition has not changed in the meantime.

I.C. § 72-209(3) (emphasis added).[6] "The employee bears the burden of showing that the exception applies." *Gomez*, 166 Idaho at 256, 457 P.3d at 908. "[N]egligence—no matter how gross—is insufficient to trigger the exclusivity exception under section 72-209(3)." *Id.* at 257-58, 457 P.3d at 909-10 (quoting *Marek v. Hecla, Ltd.*, 161 Idaho 211, 220, 384 P.3d 975, 984 (2016)).

As to the merits of the question SLI has raised, it argues that because a statutory employer lacks the same level of control over an employee that a direct employer has, the exception to the exclusive remedy rule contained in section 72-209(3) should not apply. SLI further argues: "nothing in *Gomez* indicates that the physical aggression exception to the Exclusive Remedy Rule extends beyond direct employers to [SLI]." We note that there is no statute, rule, or case that explicitly states, or even implicitly suggests, that the exception only applies to direct employers. By using the general term "employer" in section 72-209(3), the statutory scheme made no distinction between types of employers in creating this exception to the exclusive remedy rule. Importantly, when a tort claim is brought against a direct employer, the exception to the exclusive remedy rule only applies in rare circumstances. This would also be true for a statutory employer. However, while the definition of a direct employer is narrow, statutory employer status applies under very expansive circumstances. I.C. § 72-102(12)(a). It would make no sense for the legislature to, on the one hand, craft an exception intended to help employees who are the victims of egregious acts, while on the other hand excluding a broadly defined category of employees who would be benefited by the exception.

SLI offers no compelling reasons why only a statutory employer should be afforded complete immunity when its "officers, agents, servants and employees" engage in "willful or unprovoked physical aggression." I.C. § 72-209(3). The short answer is it should not. As we noted above, this would be inconsistent with our recognition that "the concept of [a] statutory employer '[is] designed to prevent an employer from avoiding liability under the workmen's compensation statutes by sub-contracting the work to others.' " *Venters*, 141 Idaho at 251, 108 P.3d at 398

---

[6] As previously noted, Idaho Code section 72-209(3) was amended in 2020—two years after Fulfer sustained his injuries. The amended version now states that the exclusive remedy rule does not apply "in any case where the injury or death is proximately caused by the willful or unprovoked physical aggression of the employer, its officers, agents, servants or employees, which physical aggression must include clear and convincing evidence the employer, its officers, agents, servants, or employees either specifically intended to harm the employee or engaged in conduct knowing that injury or death to the employee was substantially likely to occur. The loss of such exemption applies only to the aggressor and shall not be imputable to the employer unless provoked or authorized by the employer or the employer was a party thereto." I.C. § 72-209(3) (2020).

12

(quoting *Spencer*, 134 Idaho at 860, 11 P.3d at 479). SLI's argument does not account for the reasons the exception exists, nor does it analyze the purpose of extending workers' compensation protections to the employees of statutory employers (i.e., contractors and subcontractors). Therefore, we conclude that since Idaho's Workers' Compensation laws essentially equate direct employers with statutory employers, those laws should not be read to treat such relationships disparately when it comes to exceptions to exclusive remedy rule. Accordingly, we hold that the exception to the exclusive remedy rule found in section 72-209(3) applies equally to direct employers and statutory employers.

## IV. CONCLUSION

We reverse the district court's decision to dismiss the first amended complaint pursuant to Rule 12(b)(6) and remand the case for further proceedings. As the prevailing party, Fulfer is entitled to costs as a matter of course pursuant to Idaho Appellate Rule 40(a).

Chief Justice BEVAN, Justices BRODY, STEGNER and ZAHN **CONCUR.**