**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket Nos. 51520/51612**

| | | |
|---|---|---|
| CAMERON DEMOTT TYLER, | ) | |
| | ) | |
| Claimant-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MASTERPIECE FLOORS, INC., Employer; and NORGUARD INSURANCE COMPANY, | ) ) ) | |
| Defendants-Respondents. | ) | |
| _____ | ) | |
| | ) | |
| CAMERON DEMOTT TYLER, | ) | **Boise, June 2025 Term** |
| | ) | |
| Plaintiff-Appellant, | ) | **Opinion Filed: September 4, 2025** |
| | ) | |
| v. | ) | **Melanie Gagnepain, Clerk** |
| | ) | |
| MASTERPIECE FLOORS, INC., an Idaho limited liability company, | ) ) | |
| Defendant-Respondent, | ) | |
| and | ) | |
| | ) | |
| JOHN and JANE DOES I through V, whose true identities are presently unknown, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Lynn G. Norton, District Judge. Appeal from the Industrial Commission of the State of Idaho.

The district court's final judgment is <u>vacated</u> and its decision setting aside the default judgment is <u>reversed</u>. The Industrial Commission's findings of fact and conclusions of law are <u>vacated</u>. The case is <u>remanded</u> with instructions to the district court to reenter the default judgment.

Johnson Law and Consult, PLLC, Boise, for Appellant. Dwight Samuel Johnson argued.

Bowen & Bailey, LLP, Boise, for Respondent. H. Chad Walker argued.

_____

1

BRODY, Justice.

This consolidated appeal of a district court's decision and a corresponding decision from the Idaho Industrial Commission ("the Commission") addresses the district court's subject matter jurisdiction to determine whether an employee's injury falls within the "willful and unprovoked physical aggression" exception to the exclusive remedy rule under Idaho's worker's compensation laws. Cameron Demott Tyler suffered a serious hand injury resulting in the amputation of his right index finger while working. Tyler first filed a worker's compensation claim with the Commission and then a civil tort action against his employer in district court, alleging that his injuries fell within the exception to the exclusive remedy rule under Idaho Code section 72-209(3), which permits an employee to file a separate civil action if the employer commits an act of "willful or unprovoked physical aggression" against the employee.

After the employer failed to appear and defend against the action, Tyler subsequently applied for, and obtained, a default judgment in the civil tort action. About six months later, the employer filed a motion to set aside the default judgment on the ground that the district court lacked subject matter jurisdiction. Specifically, the employer argued that because the worker's compensation claim was filed first, Tyler was required to obtain a determination from the Commission that the willful and unprovoked physical aggression exception to the exclusive remedy rule applied before the district court had subject matter jurisdiction over any civil tort action. The district court agreed that it may not have had subject matter jurisdiction when it entered the default judgment and entered an order staying enforcement of the default judgment until the Commission reached a determination on that issue. The parties then sought a ruling from the Commission in accordance with the district court's order. After the Commission reached a decision concluding Tyler's injury was not the result of the employer's willful or unprovoked physical aggression, that decision was filed with the district court, and the district court then granted the employer's motion to set aside the default judgment on grounds that it did not have subject matter jurisdiction.

Tyler appeals, contending the district court erred by deferring to the Commission's decision regarding whether Tyler's claim fell within the exception to the exclusive remedy rule and setting aside the default judgment. For the reasons explained below, we reverse the district court's decision setting aside the default judgment, vacate the Commission's findings of fact and

2

conclusions of law, and remand this case to the district court with instructions to reenter *nunc pro tunc* the default judgment in favor of Tyler.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On September 13, 2019, Tyler attempted to cut a piece of wood flooring using a table saw while working for his employer, Masterpiece Floors, Inc. ("Masterpiece"). The table saw did not have a safety guard in place, and one was not provided at Tyler's worksite. As Tyler was attempting the cut, the wooden board "kicked back," and the saw amputated Tyler's right index finger and lacerated or fractured the remaining fingers on his right hand. A worker's compensation notice of injury was submitted six days later. Tyler filed a worker's compensation claim with the Commission on July 8, 2020, which is still pending. Tyler has received some worker's compensation benefits, including medical and disability benefits, since the injury.

On April 5, 2021, Tyler filed a civil tort action against Masterpiece in district court. The complaint summarized the facts surrounding Tyler's injury and specifically alleged that Masterpiece "had implemented the business practice of requiring employees, including [Tyler], to operate the table saw without the protective guard in place[,]" which "constituted an act of willful or unprovoked physical aggression against [Tyler], serving to satisfy the exception to the exclusive remedy rule found in Idaho Code [section] 72-209(3)." A copy of the declaration of service of the complaint was filed about two weeks later. Masterpiece did not answer the complaint or otherwise make an appearance in the civil tort action. Tyler subsequently filed a motion for entry of default, and an order of default was entered against Masterpiece. About three months later, Tyler submitted an application for entry of default judgment together with a personal affidavit and an affidavit from his attorney detailing his damages and the amount sought. The district court then entered default judgment against Masterpiece in the amount of $380,159.09 on November 10, 2021.

Approximately six months later, Masterpiece filed a motion to set aside the default judgment on the grounds that it was void for lack of both personal and subject matter jurisdiction. Masterpiece first contended that the default judgment was void for lack of personal jurisdiction because the company was not properly served with the complaint. Regarding subject matter jurisdiction, Masterpiece contended the Commission had exclusive jurisdiction over the matter because the worker's compensation claim was still pending and no determination had been made that the exception to the exclusive remedy rule under Idaho Code section 72-209(3) applied. It argued that, because Tyler filed his worker's compensation claim before his civil tort action, the

determination of whether the exception applied had to be made by the Commission in order for the district court to have jurisdiction over any tort action. Masterpiece further contended that the district court was without subject matter jurisdiction because Tyler had sought "judicial relief before allowing the administrative process to run its course" in connection with the worker's compensation claim. Tyler opposed the motion, arguing service was proper and the district court had jurisdiction over the civil tort action because that issue was not before the Commission in the worker's compensation proceeding.

After reviewing the parties' briefing, the district court stayed enforcement of the default judgment so that the parties could pursue the matter before the Commission. The district court concluded that because the worker's compensation claim was filed with the Commission before the civil complaint was filed in district court, the determination of whether the exception to the exclusive remedy rule under Idaho Code section 72-209(3) applied was within the Commission's purview. The district court then concluded that it had jurisdiction over the civil tort action only if the Commission determined the exception to the exclusive remedy rule applied; therefore, whether the default judgment was void was dependent on the Commission's determination of the section 72-209(3) issue. The district court reserved a decision regarding proper service of the complaint until after the Commission had made its determination.

After the parties sought a ruling from the Commission as instructed by the district court, the Commission held an evidentiary hearing to address two issues: (1) whether the Commission had jurisdiction to determine if Tyler's injury was proximately caused by Masterpiece's willful or unprovoked aggression under Idaho Code section 72-209(3); and (2) whether Tyler's injury was proximately caused by Masterpiece's willful or unprovoked aggression. Following the hearing, the Commission issued a written decision first concluding that it had jurisdiction to decide the section 72-209(3) issue because the district court vested that issue with the Commission. The Commission then concluded that Masterpiece had not consciously disregarded a known risk to Tyler or engaged in willful physical aggression against him under Idaho Code section 72-209(3).

Tyler filed a motion for reconsideration of the Commission's decision, contending the Commission should have applied a summary judgment standard of review when deciding whether the willful and unprovoked physical aggression exception applied because that is the standard the district court would have used in deciding whether there was a genuine issue of material fact to submit to a jury. The Commission denied the motion, concluding that it was the trier of fact on

4

that issue, and it adjudicated the matter in accordance with the worker's compensation statutes. In reaching this decision, the Commission acknowledged that the facts before it were conflicting, and a jury considering the issue may have come to a different conclusion than the Commission.

After the Commission issued its decisions, the district court addressed the merits of Masterpiece's earlier motion to set aside the default judgment entered in Tyler's civil tort action. The district court again concluded that the Commission had the first right to determine whether the willful and unprovoked physical aggression exception to the exclusive remedy rule under Idaho Code section 72-209(3) applied because Tyler filed a worker's compensation claim before filing the complaint in district court. The district court then concluded that because the Commission determined the exception did not apply, the district court lacked subject matter jurisdiction over the tort claim, and the default judgment was therefore void. Recognizing that this case would likely be appealed, the district court also addressed Masterpiece's arguments regarding improper service but concluded that Masterpiece was properly served because its registered agent was personally served a copy of the complaint. The district court further noted that Masterpiece had been sent a copy of both the order of default and the default judgment by First-Class Mail. Thus, the district court concluded that the default judgment was not void for lack of personal jurisdiction. The district court subsequently granted Masterpiece's motion to set aside the default judgment and entered a final judgment dismissing Tyler's civil tort action in its entirety.

## II.     STANDARDS OF REVIEW

This Court exercises free review over questions of law, including jurisdictional matters and the interpretation of worker's compensation statutes. *Dominguez ex rel. Hamp v. Evergreen Res., Inc.*, 142 Idaho 7, 10, 121 P.3d 938, 941 (2005).

"This Court exercises free review over the Industrial Commission's legal conclusions. However, the Commission's factual findings will not be disturbed on appeal so long as they are supported by substantial and competent evidence." *Sheehan v. Sun Valley Co.*, 171 Idaho 248, 251, 519 P.3d 1188, 1191 (2022) (quoting *Obenchain v. McAlvain Constr., Inc.*, 143 Idaho 56, 57, 137 P.3d 443, 444 (2006)).

## III.     ANALYSIS

### A.     Tyler's appeal of the district court's decision to set aside the default judgment is proper.

As a preliminary matter, Masterpiece argues that Tyler's appeal is not properly before this

Court. It contends that the Commission's decision is not a final judgment and thus not subject to appeal because Tyler's worker's compensation claim is still pending. We address this threshold issue before evaluating the merits of Tyler's contentions on appeal. In support of its contention, Masterpiece cites to *Jensen v. Pillsbury Co.*, 121 Idaho 127, 823 P.2d 161 (1992) (per curiam), where this Court held that the Commission's denial of worker's compensation benefits for a cervical condition was not a "final order." Therefore, it was not appealable when the Commission reserved issues on the claimant's permanent physical impairment and permanent partial disability related to other injuries. For the reasons explained below, *Jensen* is inapposite here, and Tyler's appeal of the district court's decision to set aside the default judgment is proper.

Generally, when an employee is injured on the job and the employer has procured worker's compensation insurance, the employee's exclusive remedy under Idaho law is worker's compensation benefits. I.C. § 72-211 ("[T]he rights and remedies herein granted to an employee on account of an injury or occupational disease for which he is entitled to compensation under this law shall exclude all other rights and remedies of the employee . . . at common law or otherwise, on account of such injury or disease."); I.C. § 72-209(1) ("[T]he liability of the employer under this law shall be exclusive and in place of all other liability of the employer to the employee[.]"). There is, however, an exception to this exclusivity rule. When an employee's injury is proximately caused by the employer's "willful or unprovoked physical aggression," the employee may also pursue civil tort damages. I.C. § 72-209(3); *Dominguez ex rel. Hamp v. Evergreen Res., Inc.*, 142 Idaho 7, 11–12, 121 P.3d 938, 942–43 (2005) ("Dominguez is permitted to collect those worker's compensation benefits for which he is eligible *and* to bring a cause of action against his employer outside the worker's compensation system."). Worker's compensation benefits are within the purview of the Commission, but civil tort damages are within the exclusive jurisdiction of the district courts. *Dominguez*, 142 Idaho at 12, 121 P.3d at 943. Thus, final judgment can be entered in one case while the other is still pending, and resolution of one case does not necessarily impact resolution of the other.

With this framework in mind, we now turn to the issue of whether Tyler's appeal from the district court's decision to set aside the default judgment is proper. An appeal in a civil action is proper if it is filed within forty-two days following entry of a "final judgment." I.A.R. 11(a)(1), 14(a). A judgment is considered final for purposes of Idaho Appellate Rule 11(a)(1) if it disposes of "all claims for relief, except costs and fees, asserted by or against all parties in the action."

6

I.R.C.P. 54(a)(1). In *Jensen*, the case cited by Masterpiece, there was no final decision or judgment because an injured employee appealed the Commission's denial of worker's compensation benefits for one injury while the issue of benefits for other injuries was still pending. Here, while Tyler's worker's compensation claim is still pending, this appeal does not concern worker's compensation benefits. This appeal concerns Tyler's separate civil tort action. The district court entered final judgment in the civil tort action when it ordered the dismissal of Tyler's complaint with prejudice after setting aside the default judgment against Masterpiece. Tyler filed his appeal of the final judgment dismissing his claim within forty-two days of the date it was entered, and the notice of appeal from that final judgment includes all interlocutory orders entered prior to the judgment, including the district court's decision to set aside the default judgment. I.A.R. 17(e)(1)(A). Accordingly, Tyler's appeal of the district court's final judgment and decision setting aside the default judgment is proper.

**B.      The district court erred by ceding its subject matter jurisdiction over Tyler's civil tort action to the Commission and staying enforcement of the default judgment.**

Tyler argues the district court erred by failing to exercise its subject matter jurisdiction over his civil tort action and deferring to the Commission's determination of whether the willful and unprovoked physical aggression exception to the exclusive remedy rule applied. In staying enforcement of the default judgment, the district court recognized that the "Commission and the district courts of Idaho have *concurrent* jurisdiction to determine whether they have jurisdiction to consider a claim or hear a case." (Emphasis added) (quoting *Dominguez*, 142 Idaho at 12, 121 P.3d at 943). Nonetheless, it concluded that, because Tyler filed his worker's compensation claim with the Commission before filing the civil tort action, the Commission had to determine whether the section 72-209(3) exception applied before the district court could exercise jurisdiction over Tyler's civil tort action:

> "[I]f the notice of injury was filed with the Industrial Commission before the plaintiffs filed their original complaint with the district court, then the Industrial Commission has the first right to determine the jurisdictional issue, and its determination is *res judicata* upon the question of jurisdiction. . . ." [*Dominguez*, 142 Idaho at 12, 121 P.3d at 943,] (quoting *Anderson v. Gailey*, 97 Idaho 813, 824–25, 555 P.2d 144, 155–56 (1976)).
>
> The Industrial Commission claim was filed about nine months before the Complaint before the District Court was filed. Therefore, the Industrial Commission has the right to determine whether the exemption in Idaho Code [section] 72-209(3) applies in this case. See *Dominguez*, 142 Idaho at 12, 121 P.3d

at 943 ("Either a court or the Industrial Commission . . . may determine whether willful or unprovoked physical aggression actually took place."). If the Industrial Commission rules that the Idaho Code [section] 72-209(3) exception applies, any resulting tort suit would be outside the worker's compensation system and jurisdiction over the tort action would rest with the District Court in this lawsuit.

So, the [c]ourt finds the Default Judgment may have been untimely entered in this case since there has not yet been a determination by the Industrial Commission of whether the District Court has jurisdiction. However, the [c]ourt does not find that the Default Judgment is void at this point because the exemption could still apply.

Since the [c]ourt finds that it cannot determine whether the Default Judgment is void until the Industrial Commission determines whether [Tyler] can bring a claim in District Court under the exemption to the exclusive jurisdiction in Idaho Code [section] 72-209(3), the [c]ourt will stay any execution on the Judgment and its determination of whether the judgment is void until after the Industrial Commission has reached a determination on this narrow issue of jurisdiction.

(First, second, and fourth alterations in original.)

We agree with Tyler that the district court's decision misapprehended the scope of its jurisdiction. Therefore, we hold that the district court improperly ceded its jurisdiction to the Commission. Accordingly, enforcement of the default judgment should not have been stayed, and the default judgment was not void for lack of jurisdiction.

This Court first addressed the so-called "jurisdictional issue" in a civil tort action involving worker's compensation issues in *Anderson v. Gailey*, 97 Idaho 813, 820, 555 P.2d 144, 151 (1976). In that case, a welder died after descending into an irrigation well shaft to repair a broken drill bit. *Id*. at 817–18, 555 P.2d at 148–49. The decedent's family brought a wrongful death action in district court against the person who had engaged him to make the repairs. *Id*. at 816, 555 P.2d at 147. The question in *Anderson* was not whether the welder's death was the result of an employer's willful or unprovoked physical aggression pursuant to Idaho Code section 72-209(3). Rather, the threshold question was whether the decedent was Gailey's (the defendant's) employee. *Id*. at 819–20, 555 P.2d at 150–51. If the decedent was an employee, then the worker's compensation laws provided the exclusive remedy, and the family could not proceed in tort with the wrongful death action. *Id*. Alternatively, if the decedent was not an employee but an independent contractor or a casual employee, then the decedent was not covered under the worker's compensation laws, and the family could proceed in tort. *Id*. The case proceeded to a jury trial, and the district court instructed the jury "to consider whether [the decedent] fell within either of the two following

working relations which are outside the [worker's compensation act's] coverage: (1) the injured party was an independent contractor, or (2) the injured party was engaged in casual employment." *Id.* at 819, 555 P.2d at 150. The jury returned a general verdict denying recovery but failed to indicate whether the verdict was a result of the jury's resolution of the jurisdictional question. *Id.* at 817, 821, 555 P.2d at 148, 152.

On appeal, the decedent's family argued that the issue of whether the decedent was an employee was resolved in their favor when the district court denied Gailey's "motions to dismiss and for summary judgment, both of which were made on the ground that the court had no jurisdiction to hear the plaintiffs' claim because the Industrial Commission had exclusive jurisdiction of the matter." *Id.* at 820, 555 P.2d at 151. The Court rejected that argument, holding that the submission of the so-called "jurisdictional issue" to the jury was proper because there was sufficient evidence to support a verdict that the decedent fell into any category of employment: casual employee, independent contractor, or regular employee. *Id*. The Court explained that the family misapprehended the significance of the denial of the motions, and that the denial of the motion to dismiss and the motion for summary judgment had no preclusive effect:

> The plaintiffs misunderstand the significance of the denial of the motion to dismiss under I.R.C.P. 12(b)(1) and the motion for summary judgment under I.R.C.P. 56. In denying these motions the court did not rule as a matter of law that it and not the Industrial Commission had jurisdiction to hear this matter. Its ruling was only that Gailey had not shown by the pleadings or by the pleadings and affidavits that he was entitled to judgment as a matter of law or that there was no genuine issue of material fact to be resolved by further proceedings.

*Id.*

The Court then concluded that the decedent's employment status was properly submitted to the jury and that the evidence in the case would have sustained a verdict in favor of either party. *Id.* at 818–19, 555 P.2d at 149–50. Ultimately, the Court concluded there was an error with the district court's jury instructions regarding the duty of care owed to a casual employee. *Id*. at 821–22, 555 P.2d 152–53. As noted above, the jury had returned a general verdict rather than a special verdict, so it was unclear whether the jury found in favor of the defendant based on the decedent's employment status or based on a conclusion that the decedent's death was not the result of the defendant's negligent conduct. *Id.* As a result, a new trial would have to be held. *Id.*

In deciding the employment status issue, the Court made one statement that bears further explanation because it may have created confusion in this case. The Court stated: "Because the

9

question of *jurisdiction* depended upon the resolution of a contested factual issue, the court had to defer its decision upon that question until the resolution of the factual issue by the jury; then it could determine whether it had *jurisdiction* to consider the matter." *Id.* at 820, 555 P.2d at 151 (emphasis added). The Court's use of the term jurisdiction was anything but precise.

We have explained that the term "jurisdiction" is sometimes used by courts and lawyers imprecisely. *State v. Brown*, 170 Idaho 439, 443, 511 P.3d 859, 863 (2022); *Allen v. Campbell*, 169 Idaho 613, 617–18, 499 P.3d 1103, 1107–08 (2021). In its correct sense, "the term 'jurisdiction' refers only to: (1) personal jurisdiction over the parties; or (2) subject matter jurisdiction." *Brown*, 170 Idaho at 443, 511 P.3d at 863 (citations omitted). Rarely, however, is the term used precisely. In fact, the Supreme Court of the United States has lamented that it "is a word of many, too many, meanings." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 90 (1998) (citation omitted).

Throughout much of the *Anderson* opinion, the Court used the word "jurisdiction" as a shorthand reference to describe the threshold issue of whether the family's claim was governed exclusively by Idaho's worker's compensation laws or whether it was governed by common law tort principles:

> The jurisdictional question to be decided in this appeal is whether the trial court had jurisdiction to consider this action in tort or whether the plaintiffs' exclusive remedy and Gailey's exclusive liability was before the Industrial Commission under the Workmen's Compensation Law.

*Anderson*, 97 Idaho at 819, 555 P.2d at 150 (citation omitted). Critically, the *Anderson* Court did *not* hold that the district court lacked subject matter jurisdiction to adjudicate the worker's compensation coverage issue, nor did it indicate that a district court's subject matter jurisdiction over a civil case is dependent on the Industrial Commission's decisions or determinations. Rather, for purposes of guidance on remand, the Court explained that district courts have *concurrent* jurisdiction with the Commission to determine the threshold coverage issue:

> Although the Industrial Commission and the district court have mutually exclusive jurisdiction for the award of benefits to an injured claimant or damages to an injured plaintiff, they have concurrent jurisdiction to determine whether they have jurisdiction to consider the claim or hear the case.

*Id.* at 813, 824, 555 P.2d at 155. The Court recognized that with concurrent jurisdiction there could be a conflict between tribunals so it adopted the California Supreme Court's first-filed rule, articulated in *Scott v. Industrial Accident Commission*, 293 P.2d 18, 25 (Cal. 1956) (en banc), that

"the tribunal in which a matter is first filed shall prevail." *Id*. at 825, 555 P. 2d at 156. Under this rule, the tribunal in which a claim was first filed shall decide whether the injured party was an employee, and its decision shall have res judicata effect in all subsequent proceedings in either tribunal. *Id*. at 824, 555 P.2d at 155.

The first-filed rule from *Anderson* may require a district court in a later-filed civil tort action to stay the proceeding and give deference to the Commission while it adjudicates a person's employment status. Deferring to the Commission, however, does not divest the court of subject matter jurisdiction over the civil tort action. If the district court adjudicates a civil tort action unaware that a worker's compensation claim was filed first, the district court's failure to defer may constitute legal error, but it does not result in a void judgment. "Generally, the Court may declare a judgment void only for defects of personal jurisdiction or subject-matter jurisdiction." *Meyers v. Hanse*n, 148 Idaho 283, 291, 221 P.3d 81, 89 (2009), *overruled on other grounds by Doe I v. John Doe (2024-23)* (*In re: Jane Doe II*), ___ Idaho___, 566 P.3d 409 (2025). "This Court has recognized, 'a judgment is not void and is therefore not within the ambit of [Idaho Rule of Civil Procedure] 60(b)(4) simply because it is erroneous[.]' " *Pinkham v. Plate*, 174 Idaho 178, ___, 552 P.3d 605, 619 (2024), *overruled on other grounds by Doe I*, ___ Idaho ___, 566 P.3d 409.

Likewise, the doctrine of res judicata does not void a district court's judgment when the district court erroneously adjudicates a matter already decided. "*Res judicata* is comprised of claim preclusion (true *res judicata* ) and issue preclusion (collateral estoppel)." *Stoddard v. Hagadone Corp.*, 147 Idaho 186, 190, 207 P.3d 162, 166 (2009) (quoting *Hindmarsh v. Mock*, 138 Idaho 92, 94, 57 P.3d 803, 805 (2002)). Whether res judicata bars relitigation is a question of law over which this Court exercises free review. *Waller v. State, Dep't of Health & Welfare,* 146 Idaho 234, 237, 192 P.3d 1058, 1061 (2008). "*Res judicata* is an affirmative defense and the party asserting it must prove all of the essential elements by a preponderance of the evidence." *Id.* (quoting *Ticor Title Co. v. Stanion*, 144 Idaho 119, 122, 157 P.3d 613, 616 (2007)). In other words, if no one raises res judicata as a defense and the district court decides an issue that has already been decided, the district court's decision is not void.

The bottom line of this Court's decision in *Anderson* is that the district court has concurrent subject matter jurisdiction to adjudicate threshold worker's compensation coverage issues (i.e., whether someone is an employee). If the notice of injury is filed before the complaint is filed in district court, then it would be proper for the district court to stay the civil tort action while the

11

threshold coverage issue is adjudicated. Any decision from the Commission would then bar relitigation of the same issue so long as res judicata is raised as a defense.

Our decision in *Anderson* did not involve the exception to the exclusive remedy rule under Idaho Code section 72-209(3). Accordingly, that case does not address whether a district court is required to defer to the Commission's determination of whether an injury was the result of an employer's willful or unprovoked physical aggression when a worker's compensation claim was filed first. This Court *did* address that issue in *Dominguez ex rel. Hamp v. Evergreen Resources, Inc.*, and we held no deference is required unless the Commission has already decided that issue. 142 Idaho 7, 12–13, 121 P.3d 938, 943–44 (2005).

In *Dominguez*, an employee was already receiving worker's compensation benefits for catastrophic injuries he suffered from inhaling cyanide gas while cleaning out a steel tank when his legal guardians filed a civil tort action on his behalf against his employer in district court, pursuant to section 72-209(3). *Id*. at 9–10, 12, 121 P.3d at 940–941, 944. The employer did not defend against the lawsuit, and default judgment was subsequently entered in favor of the injured employee. *Id*. at 10, 121 P.3d at 941. On appeal, this Court upheld the enforcement of the default judgment against the employer, noting that, at the time the default judgment was issued, the Commission had "never determined whether the [Idaho Code section] 72-209(3) exception to the exclusive remedy rule applied . . . ." *Id*. at 12, 121 P.3d at 943. Accordingly, there was no res judicata effect at play to preclude the availability of the tort claim in the district court, and "the district court was acting within its jurisdiction" when it issued the default judgment. *Id*. at 12–13, 121 P.3d at 943–44.

In upholding enforcement of the default judgment against the employer, this Court recognized the first-filed rule from *Anderson*—even repeating the imprecise use of the term "jurisdiction"—but distinguished its application in cases involving a determination of whether the injury was the result of an employer's willful or unprovoked aggression:

> Commonly, the determination of whether a worker is eligible for worker's compensation benefits resolves whether jurisdiction lies with the Industrial Commission or with the courts. *See Anderson v. Gailey*, 97 Idaho 813, 824–25, 555 P.2d 144, 155–56 (1976). If a worker is entitled to benefits, the operation of the exclusive remedy rule generally grants the Industrial Commission exclusive jurisdiction over the matter. *See Baker v. Sullivan*, 132 Idaho 746, 749, 979 P.2d 619, 622 (1999). If instead the worker's claim is not covered by worker's compensation, the exclusive remedy rule does not apply and there often remains to the worker a court remedy outside the worker's compensation system. *See Luttrell*

*v. Clearwater Co. Sheriff's Office*, 140 Idaho 581, 585 n. 1, 97 P.3d 448, 452 n. 1 (2004). The Industrial Commission and the district courts of Idaho have concurrent jurisdiction to determine whether they have jurisdiction to consider a claim or hear a case. *Anderson*, 97 Idaho at 824, 555 P.2d at 155. "[I]f the notice of injury was filed with the Industrial Commission before the plaintiffs filed their original complaint with the district court, then the Industrial Commission has the first right to determine the jurisdictional issue, and its determination is *res judicata* upon the question of jurisdiction . . . ." *Id.* at 825, 555 P.2d at 155.

> However, the determination of whether a worker is eligible for worker's compensation does not always resolve the question of jurisdiction. When a claimant was injured by the willful or unprovoked physical aggression of his employer, he may be eligible for benefits and yet also pursue a cause of action in tort. I.C. § 72-209(3); [*Kearney v. Denker*, 114 Idaho 755, 757, 760 P.2d 1171, 1173 (1988)]. Either a court or the Industrial Commission may determine whether a worker is eligible for worker's compensation, and either tribunal may determine whether willful or unprovoked physical aggression actually took place. *See Anderson*, 97 Idaho at 824, 555 P.2d at 154. But regardless of whether a claimant is found eligible for worker's compensation benefits, if either tribunal rules that the I.C. [section] 72-209(3) exception applies, any resulting tort suit would be outside the worker's compensation system and therefore jurisdiction over the tort action would rest with the courts.

*Id*. at 12, 121 P.3d at 943 (all but last two alterations in original).

Although the opinion does not discuss whether a worker's compensation claim had been filed with the Commission in *Dominguez*, the Court's decision did not turn on this fact. Instead, the decision focused on the fact that the Commission had not decided whether the injury was the result of the employer's willful or unprovoked physical aggression:

> A decision by the Industrial Commission has *res judicata* effect only for those issues the Commission actually decides. Even if the Industrial Commission had determined Dominguez was entitled to worker's compensation, this would not be equal to a determination regarding whether he was the victim of willful or unprovoked physical aggression. Either issue is within the competence of the Industrial Commission, but in this case neither was subjected to a determination by that body. Consequently, the district court was acting within its jurisdiction when issuing a judgment in this case.

*Id.* at 13, 121 P.3d at 944 (footnote omitted). Accordingly, the first-filed rule adopted by this Court in *Anderson* did not apply to the section 72-209(3) tort claim in *Dominguez*.

There is good reason for a district court not to defer to the Commission regarding whether an injury is the result of an employer's willful or unprovoked aggression unless the Commission has actually decided that issue. Although the determination of whether an injured party is an

employee is a threshold issue in every worker's compensation case, whether the employer is at fault for the injury is not part of the legal calculus for liability. *See* I.C. § 72-201 ("[S]ure and certain relief for injured workmen and their families and dependents is hereby provided regardless of questions of fault[.]"). Accordingly, in the context of deciding whether the injured party is an employee, *Anderson*'s first-filed rule is necessary to avoid inconsistent results between worker's compensation claims and civil tort actions. There is no reason for the Commission to address whether the employee's injury was the result of the employer's willful or unprovoked physical aggression when adjudicating the worker's compensation claim. Thus, we do not interpret *Dominguez* to stand for the proposition that a district court's jurisdiction over a section 72-209(3) tort claim must yield to the Commission's determination of whether the injury was the result of the employer's willful or unprovoked physical aggression when a worker's compensation claim was filed first. A district court has jurisdiction to decide this issue.

In this case, the Commission recognized that the district court had jurisdiction over Tyler's civil tort action and correctly recognized that neither *Anderson* nor *Dominguez* dictated that the Commission rule first:

> *Anderson* did not <u>require</u> the Commission to exercise its first right to consider the Idaho Code [section] 72-209(3) issue. It must be asked to do so, and in *Dominguez* that request never materialized. Instead, default was taken in the district court action, and the question of the [c]ourt's jurisdiction subsumed within that judgment.
>
> . . . Here, . . . [t]he district court has declined to entertain the issue, but the Commission is also vested with jurisdiction to address the matter, and its decision will be res judicata of the question of whether there has been an act of willful or unprovoked physical aggression.

(Emphasis in original). Thus, the Commission decided the section 72-209(3) issue here only because the district court failed to recognize its own jurisdiction and directed the parties to seek a determination from the Commission. Although the Commission ultimately concluded that Tyler's injury was not the result of Masterpiece's willful or unprovoked physical aggression, the Commission also noted that the evidence was conflicting, and that a jury could have reached the opposite conclusion.

Stated plainly, whether the section 72-209(3) exception to the exclusive remedy rule applies is a question adjudicated by the district courts when ruling on a motion for summary judgment or by a jury at trial, not the Commission. *See, e.g.*, *Clover v. Crookham Co.*, ___ Idaho

\_\_\_, 561 P.3d 875 (2024); *Gomez v. Crookham Co.*, 166 Idaho 249, 457 P.3d 901 (2020), *superseded by statute*, I.C. § 72-209(3) (2020), *as stated in Fulfer v. Sorrento Lactalis, Inc.*, 171 Idaho 296, 298 n.1, 520 P.3d 708, 710 n.1 (2022); *Marek v. Hecla, Ltd.*, 161 Idaho 211, 215, 384 P.3d 975, 979 (2016). The Court's statement in *Dominguez* that "[e]ither a court or the Industrial Commission may determine whether a worker is eligible for worker's compensation, and either tribunal may determine whether willful or unprovoked physical aggression actually took place," 142 Idaho at 12, 121 P.3d at 943, while correct in terms of reflecting the Commission's broad jurisdiction over worker's compensation matters, fails to take into account the reality that the section 72-209(3) exception to the exclusive remedy rule is actually raised and litigated in district courts, not before the Commission. To the extent *Dominguez* could be interpreted to conflict with this decision today, it is overruled.

In this case, Masterpiece did not raise an issue with the applicability of section 72-209(3) until nearly six months after default judgment had already been entered. By then, the issue had already been determined by the district court. "Upon default by the defendant, the allegations contained in the complaint are taken as true, and the plaintiff is relieved of any obligation to introduce evidence in support of those allegations." *Dominguez*, 142 Idaho at 13, 121 P.3d at 944. As such, we hold the district court erred by staying enforcement of the default judgment and requiring the parties to seek a determination from the Commission of whether the willful or unprovoked physical aggression exception to the exclusive remedy rule applied. The district court had jurisdiction when it entered default judgment. Accordingly, we reverse the district court's decision to set aside the default judgment and vacate the Commission's findings of fact and conclusions of law on this issue. We remand the case to the district court with instructions to reenter, *nunc pro tunc*, the default judgment issued against Masterpiece on November 10, 2021. In light of this holding, all additional issues on appeal are moot.

## C.     Neither party is entitled to attorney fees on appeal.

Masterpiece requests attorney fees on appeal pursuant to Idaho Code section 12-121. However, attorney fees are only available to the prevailing party, and Masterpiece is not the prevailing party on appeal. Although Tyler is the prevailing party on appeal, he has not requested attorney fees. Accordingly, neither party is entitled to attorney fees.

## IV.     CONCLUSION

For the foregoing reasons, we reverse the district court's decision and remand with

15

instructions to reenter, *nunc pro tunc*, the default judgment entered against Masterpiece on November 10, 2021. Costs on appeal are awarded to Tyler as a matter of course. I.A.R. 40.

Chief Justice BEVAN, and Justices MOELLER, ZAHN and MEYER CONCUR.